This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                      **No. 32,039**

**MELVIN GARNENEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe,  NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his conviction for driving while intoxicated (DWI) based on a conditional plea that reserved the right to challenge the denial of his motion to

suppress. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to challenge the district court's denial of his motion to suppress, in which he had argued that the officer lacked reasonable suspicion to make the initial stop. "Appellate review of a district court's decision regarding a motion to suppress evidence involves mixed questions of fact and law." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. "As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *Id.* "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *Id.* Determining the reasonableness of a search is a matter of law, which we review de novo. *In re Josue T.*, 1999-NMCA-115, ¶ 14, 128 N.M. 56, 989 P.2d 431.

Here, the officer ran the vehicle's license plate through MVD's records and determined that the registered owner's driver's license was suspended. [MIO 2] The officer also testified that Defendant, the driver, appeared to be the age of the registered owner. Defendant argues that this amounted to an insufficient basis to initiate the stop. Our calendar notice proposed to hold that Defendant's argument is directly refuted by *State v. Candelaria*, 2011-NMCA-001, ¶¶ 11-15, 149 N.M. 125, 245 P.3d

69, *cert. denied*, 2010-NMCERT-011, 150 N.M. 490, 262 P.3d 1143, which sided with the majority of states that have recognized that a vehicle stop may be initiated if a check indicates that the registered owner's license is suspended or revoked and the evidence does not otherwise indicate that the driver is not the owner.

In his memorandum in opposition, Defendant argues that *Candelaria* also involved suspicious circumstances, which is lacking here. [MIO 8-9] However, the test set forth in *Candelaria* specifically rejected any additional need for particularized, individual suspicion. *Id.* ¶ 16. We also reject the claim that a difference in height necessarily constituted evidence that Defendant was not the owner. [MIO 2, fn.1; 9-10] In this case, the officer testified that the driver matched the owner's gender and general age. [DS 2] We conclude that the stop was constitutionally reasonable pursuant to the analysis in *Candelaria*.

For the reasons set forth above, we affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

3

_____
**J. MILES HANISEE, Judge**